The Honorable Sharon Trusty State Senator Post Office Box 9026 Russellville, Arkansas 72811-9026
Dear Senator Trusty:
I am writing in response to your request for an opinion on the use of "Thin Blue Line" stickers on vehicles on non-law enforcement personnel or family members of such personnel. Specifically, you describe the following incident and pose the following question:
A U.A.M.S. police officer recently stopped a U.A.M.S. employee on the U.A.M.S. campus for a traffic violation. The officer noticed that the employee had a sticker attached to his car that is known among law enforcement personnel as the "Thin Blue Line" or "Black and Blue" sticker. The sticker identifies the vehicle to law enforcement officers as belonging to a law enforcement officer or his family. The employee told the U.A.M.S. officer that the dealer who sold him the sticker told him that the sticker would prevent him from getting tickets. Because the employee is not a law enforcement officer, the U.A.M.S. officer asked the employee to remove the sticker. The employee compiled but then filed a complaint against the officer with U.A.M.S. U.A.M.S. placed the officer on five weeks paid suspension during the investigation into the complaint. U.A.M.S. determined that the officer grossly exceeded his authority by asking the employee to remove the sticker and placed a letter of reprimand in the officer's personnel file. The U.A.M.S. officer informed me that law enforcement officers think that displaying the "Thin Blue Line" sticker on a vehicle that is not owned or operated by a law enforcement officer or a family member of an officer constitutes criminal impersonation pursuant to A.C.A. § 5-37-208 and that selling or buying such a sticker violates A.C.A. § 5-77-202. In your opinion, does the display, sale, or buying of a "Thin Blue Line" sticker by anyone other than a law enforcement officer violate any laws?
RESPONSE
In my opinion, to the extent your question inquires as to whether the sale, purchase, or display of such a sticker violates any criminal laws, the question is more properly addressed to the local prosecuting attorney who is invested by law with the power to file criminal charges and the answer may depend upon his or her assessment of individual facts surrounding a particular case. The question is also difficult to answer in the abstract (without any factual record); because such stickers are not mentioned anywhere in Arkansas law and you have provided no factual information as to their origin, production or dissemination. In short, your question cannot be answered without reference to additional facts surrounding the stickers and more particular facts as to a given incident.
The two statutes you mention, A.C.A. § 5-37-208 and § 5-77-202, provide respectively as follows:
5-37-208. Criminal impersonation.
 (a)(1) A person commits criminal impersonation in the first degree if, with the intent to induce a person to submit to pretended official authority for the purpose to injure or defraud the person, he:
 (A) Pretends to be a law enforcement officer by wearing or displaying, without authority, any uniform or badge by which law enforcement officers are lawfully distinguished; or
 (B) Uses a motor vehicle or motorcycle designed, equipped or marked so as to resemble a motor vehicle or motorcycle belonging to a federal, state or local law enforcement agency.
(2) Criminal impersonation in the first degree is a Class D felony.
 (b)(1) A person commits criminal impersonation in the second degree if he does an act in his pretended or assumed capacity or character with the purpose to injure or defraud another person and he:
(A) Assumes a false identity;
(B) Pretends to be a representative of some person or organization;
 (C) Pretends to be an officer or employee of the government other than a law enforcement officer described in subsection (a) of this section; or
(D) Pretends to have a handicap or disability.
 (2) Criminal impersonation in the second degree is a Class A misdemeanor.
 5-77-202. Law enforcement insignia sales.
 (a)(1) It shall be unlawful to sell official law enforcement insignia
to any person other than a law enforcement officer.
 (2) It shall be unlawful for a person other than a law enforcement officer to buy official law enforcement insignia.
 (b) Before selling official law enforcement insignia, the seller shall require the buyer to provide identification that legally demonstrates that the buyer is a law enforcement officer.
(c) A violation of this section shall be a Class A misdemeanor.
 (d) As used in this section, the term "official law enforcement insignia" means those items relating to the performance of a person's duty as a law enforcement officer when the items are formally sanctioned by the law enforcement agency employing the person.
(Emphasis added).
As is evident from a review of the language above, factual considerations may come into play with regard to a person's intention or purpose under A.C.A. § 5-37-208. Factual considerations may also arise under A.C.A. §5-77-202 as to whether the stickers you mention fit within the definition of "official law enforcement insignia." Because the stickers you describe are not mentioned anywhere in Arkansas law and you have provided no factual backdrop surrounding their origin, production, or dissemination, I cannot determine in a bare legal opinion whether they might be "formally sanctioned" so as to fit within the definition of "official law enforcement insignia" set out above. In any event, the filing of criminal charges and original enforcement of the criminal laws is invested in the local prosecuting attorneys, whose duty it is to weigh the attendant facts and make charging decisions. Questions as to enforceability of the above provisions in particular factual circumstances should therefore be referred to the local prosecuting attorney.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh